```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**MAXFIELD CROUCH,**

      **Plaintiff,**

v.                             **CIVIL ACTION NO. 2:08-0866**

**SIEMENS SHORT-TERM DISABILITY
PLAN, SIEMENS LONG-TERM
DISABILITY PLAN, METROPOLITAN
LIFE INSURANCE COMPANY, and
DOES 1 through 5, inclusive,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Maxfield Crouch's motion for an award of attorney fees pursuant to 29 U.S.C. § 1132(g).  (Doc. No. 32.)  For the reasons set forth below, the court denies plaintiff's motion.

### I.  Background

Plaintiff filed suit in this court on June 24, 2008, alleging that defendants violated Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA") by denying his claim for disability benefits under the plans in which he participated while an employee of Siemens Medical Solutions, a subsidiary of defendant Siemens Corporation.  (See Doc. Nos. 1, 31.)  Mr. Crouch's single-count Complaint under Section 502 alleged that the decision to terminate and deny him benefits was

arbitrary, capricious, and not made in good faith.  (Doc. No. 1 at 5.)  He sought relief in the form of an order awarding him all benefits due under the disability plan, a declaration that his rights and benefits were vested and nonforfeitable, an award of prejudgment interest, attorney's fees, costs, and other appropriate relief.  (Id. at 5-6.)  On September 29, 2009, this court denied defendants' motion for summary judgment and granted plaintiff's to the extent he sought remand to defendant Metropolitan Life Insurance Company ("MetLife"), the administrator of the disability benefit plan, for reconsideration.  (Doc. No. 31.)  As the basis for its ruling, the court cited MetLife's apparent failure to consider an award of disability benefits Mr. Crouch received from the Social Security Administration.  (Id. at 17-18 (citing Elliott v. Sara Lee Corp., 190 F.3d 601, 609 (4th Cir. 1999).)  Because the terms of the plan committed the plan administrator to consider all materials submitted by the claimant, and because MetLife failed to relate the news of the award to the doctor performing an independent cardiac consult, this court determined that MetLife had abused its discretion such that a remand for reconsideration was necessary.  (Doc. No. 31 at 17-18.)

Plaintiff subsequently filed a motion for attorney fees pursuant to 29 U.S.C. § 1132(g), arguing that the court's remand to the plan administrator rendered him the prevailing party in

this action.  (Doc. No. 32.)  Defendants counter that a party "prevails" only where he obtains relief on the merits of his claim, and that the remand for reconsideration does not amount to such relief.  (Doc. No. 34.)  The motion has been fully briefed and is ripe for disposition.

## II.  Analysis

Pursuant to 29 U.S.C. § 1132(g)(1), in certain ERISA actions brought "by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  Although this statutory language appears to permit an award of fees even to an unsuccessful party, the Fourth Circuit Court of Appeals has made clear that "only a prevailing party is entitled to consideration for attorneys' fees in an ERISA action."  Martin v. Blue Cross & Blue Shield, 115 F.3d 1201, 1210 (4th Cir. 1997).  Where federal statutes allow fee-shifting in favor of the "prevailing party," the party seeking an award of attorney fees must have received "'at least some relief on the merits of his claim before he can be said to prevail.'"  Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001)(quoting Hewitt v. Helms, 482 U.S. 755, 760 (1987)).  Additionally, the litigation must have resulted in a "material alteration of the legal relationship of the parties" in order to permit an award of attorney's fees.  Buckhannon, 532 U.S. at 604 (citing Texas State

Teachers Ass'n. v. Garland Indep. School Dist., 489 U.S. 782, 792-93 (1989)).

In support of his position that the court's remand to the plan administrator meets these criteria, plaintiff cites Ninth Circuit authority to the effect that the required "judicially-sanctioned change in the parties' relationship need not be a judgment on the merits, and a prevailing plaintiff need not achieve directly through the judicial order itself the ultimate benefit sought." Flom v. Holly Corp., 276 Fed. Appx. 615, 616 (9th Cir. 2008). In Flom, the plaintiff had alleged that the plan administrator – MetLife, as in the instant action – wrongfully denied him disability benefits, and included in his prayer for relief a general request for "such relief as the court deemed proper." Id. at 617. The district court remanded the action to MetLife for reconsideration, whereupon MetLife reinstated his benefits. Id. at 616. The Flom plaintiff then returned to the district court in order to seek an award of attorney's fees. Id. at 616-617.

In reversing the lower court's denial of fees, the Ninth Circuit Court of Appeals reasoned that,

> [w]hen the district court remanded to MetLife, Flom achieved a judicially-sanctioned change in his relationship with MetLife and received "some relief" from the court on his claim. As a result of the remand, MetLife was required to allow Flom to submit additional information and to consider that information in evaluating his claim for benefits. On remand, MetLife reinstated Flom's benefits. The district court's remand

> provided the judicial imprimatur required by Buckhannon – it changed Flom's legal relationship with MetLife and ultimately led to Flom's success in securing a reinstatement of benefits.  As a result, Flom is a prevailing ERISA plaintiff.

Id. at 617.  Plaintiff also cites Second Circuit authority supporting an award of fees incurred during the course of a court-ordered administrative remand.  Peterson v. Continental Cas. Co., 282 F.3d 112, 122 (2d Cir. 2002).

Fourth Circuit precedent, however, cannot be reconciled with the authority propounded by Mr. Crouch.  As the Fourth Circuit Court of Appeals has explained, Buckhannon directs that "only 'enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees.'" Goldstein v. Moatz, 445 F.3d 747, 751 (4th Cir. 2006).

Moreover, in Hardt v. Reliance Standard Life Insurance Co., 336 Fed. App'x 332 (4th Cir. 2009), the court found that an administrative remand for reconsideration did not render the plaintiff the "prevailing party."  In that case, the district court had denied cross-motions for summary judgment and remanded the case for prompt reconsideration by the plan administrator. Id. at 335.  Although the plan administrator ultimately awarded the benefits sought, the district court had not indicated on remand that the plaintiff would likely prevail on the merits of her claim.  Id. at 335-36.  Overturning the district court's

award of fees, the Fourth Circuit determined that "the remand does not constitute an 'enforceable judgment[] on the merits' as Buckhannon requires." Id. at 336 (quoting Buckhannon, 532 U.S. at 604).

Plaintiff attempts to distinguish Hardt on the basis that the complaint in that case had not specifically requested a remand. (Doc. No. 35 at 4.) The Hardt court distinguished two district court cases in the following terms:

> Even assuming these cases are consistent with Buckhannon, they do not aid Hardt. In each of those cases, the plaintiff included a second count alleging procedural error under ERISA and requesting remand as the appropriate legal relief. Thus, by remanding the case, the district court in those cases was providing the very relief requested by the complaint. Hardt, however, did not include such a count in her complaint.

Hardt, 336 Fed. App'x at 336 (citing Clark v. Metro Life Ins. Co., 384 F. Supp. 2d 894 (E.D. Va. 2005); Christian v. DuPont-Waynesboro Health Care Coverage Plan, 12 F. Supp. 2d 535 (W.D. Va. 1998)). Plaintiff insists that, "[i]n the present case, Mr. Crouch requested and was awarded a remand." (Doc. No. 35 at 4.) Notably, however, plaintiff's request for remand appears nowhere in the Complaint, itself; rather, it was raised for the first time in the parties' summary judgment briefs.* (See Doc. No. 1.)

---

* Although the Complaint's prayer for relief includes the general request that the court grant plaintiff "such other and further legal and equitable relief as the Court may deem just and proper," it makes no specific mention of remand. (Doc. No. 1 at 5-6.)

As such, his case may not be distinguished on the same basis as the district court cases cited by the Hardt court.

Regardless, plaintiff's request for attorney's fees appears to be premature at this stage in the proceedings. Both the Flom and Hardt opinions were decided after the plaintiffs had prevailed on remand and returned to the district courts for an award of fees. Flom, 276 Fed. Appx. at 616, 617 ("Flom requested fees after [MetLife] reinstated his disability benefits following the district court's decision to remand his ERISA case to MetLife.")("The district court's remand provided the judicial imprimatur required by Buckhannon – it changed Flom's legal relationship with MetLife and ultimately led to Flom's success in securing a reinstatement of benefits."); Hardt, 336 Fed. Appx. at 334 ("On remand, Hardt provided additional medical records [and the plan administrator] ultimately reversed its earlier decision and awarded Hardt full long-term disability benefits . . . . Hardt then filed a motion for attorney's fees and costs in the district court based upon her status as the prevailing party."). See also Ward v. Life Ins. Co. of N. Am., No. 1:08CV675, 2009 U.S. Dist. LEXIS 77671, at *19 n.5 (M.D.N.C. Aug. 26, 2009)(remanding to plan administrator for reconsideration and noting that, "[b]ecause neither party has prevailed at this point in the proceedings, the court declines to award attorney's fees."); Marsteller v. Life Ins. Co. of N. Am., No. 96-0015-C,

1997 U.S. Dist. LEXIS 10176, at *4-5 (W.D. Va. July 9, 1997)("Here, because plaintiff only will have the ERISA claim remanded to the plan administrator, he has not yet prevailed on the merits.  Thus, it would be premature to award attorney's fees at this stage in the litigation.").

### III.  Conclusion

Plaintiff having failed to demonstrate that he is a prevailing party for purposes of 29 U.S.C. § 1132(g), the court hereby **DENIES** his motion for an award of attorney's fees.  (Doc. No. 32.)

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

It is **SO ORDERED** this 4th day of March, 2010.

                       ENTER:

                       _____
                       David A. Faber
                       Senior United States District Judge